IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MELVIN LA'RON JACKSON, JR.,

    Petitioner,

v.                                                                                                                            No. 1:22-cv-01063-JDB-jay

CHANCE LEEDS,

    Respondent.

ORDER DISMISSING AMENDED PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

The Petitioner, Melvin La'Ron Jackson, Jr., has filed an amended pro se habeas corpus petition (the "Amended Petition") pursuant to 28 U.S.C. § 2254. (Docket Entry ("D.E.") 10.) The Respondent, Chance Leeds, filed a motion to dismiss the Amended Petition as untimely. (D.E. 13.) For the following reasons, the motion is GRANTED.

BACKGROUND

In 2018, a McNairy County, Tennessee, grand jury charged Petitioner with one count each of attempted first-degree murder, aggravated robbery, aggravated assault, and possession of a firearm by a convicted felon. (D.E. 12-2 at PageID 113-15.) "Pursuant to a plea agreement with the State, the petitioner pleaded guilty to the aggravated robbery and firearm charges in exchange for concurrent sentences of 12 years and dismissal of the remaining charges." *Jackson v. State*, No. W2020-00387-CCA-R3-PC, 2021 WL 1733369, at *1 (Tenn. Crim. App. May 3, 2021), *perm. appeal denied* (Tenn. Sept. 22, 2021). Jackson did not file a motion to withdraw his guilty pleas and did not take a direct appeal.

On September 9, 2019, Jackson filed a pro se post-conviction petition (D.E. 12-1 at PageID 74-86), which was later amended by appointed counsel (*id.* at 94-96). The post-conviction trial court denied relief following an evidentiary hearing. *Jackson*, 2021 WL 1733369, at *1-3. Petitioner took an unsuccessful appeal, *id.* at *4, and his application for permission to appeal to the Tennessee Supreme Court was denied (D.E. 12-11).

## DISCUSSION

Jackson filed the Petition on April 5, 2022, by submitting the document to prison authorities for mailing on that date.[1] The Court undertook a preliminary review of the pleading and determined that the Petition failed to present a brief statement of supporting facts and impermissibly incorporated by reference Petitioner's state post-conviction appellate brief. (D.E. 9.) The Court therefore directed the inmate to file an amended petition. On September 23, 2022, Jackson filed the Amended Petition. The pleading asserts the sole claim that counsel rendered ineffective assistance regarding discovery.

By order dated October 13, 2022, the Court directed Respondent to file the state court record and a response to the Petition. (D.E. 11.) Respondent thereafter submitted the record (D.E. 12) and his motion to dismiss the Amended Petition. In his motion, Respondent argues that the Amended Petition should be dismissed because the Petition was filed over two and one-half months beyond the expiration of the limitations period. Petitioner did not respond to the motion, although allowed to do so. (*See* D.E. 11 at PageID 67.)

---

[1] *See Goins v. Sanders*, 206 F. App'x 497, n.1 (6th Cir. 2006) (per curiam) (citing *Houston v. Lack*, 487 U.S. 266, 270, 274 (1988)) (federal habeas petition is deemed filed on the date a prisoner submits the pleading to prison officials for mailing).

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitations period is statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending[.]" 28 U.S.C. § 2244(d)(2). An application is not pending, and therefore statutory tolling is not extended, "during the pendency of a [state prisoner's] petition for certiorari" before the United States Supreme Court from the state court's denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

The federal limitations time bar is also subject to tolling on equitable grounds where the petitioner demonstrates "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). A petitioner bears the burden of establishing that he is entitled to equitable tolling. *Johnson v. Warden Pickaway Corr. Inst.*, No. 18-3007, 2018 WL 3244033, at *2 (6th Cir. May 23, 2018) (citing *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A valid claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him in the light of ... new evidence." *Id.* at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

In this case, § 2244(d)(1)(A) applies, which means that the running of the federal limitations period was triggered when Petitioner's convictions became final. Because Petitioner did not file a post-judgment motion to withdraw his pleas or initiate a direct appeal, the convictions became final thirty days after entry of the judgments on December 3, 2018. *See State v. Green*, 106 S.W.3d 646, 648 (Tenn. 2003), *as amended on denial of reh'g* (June 10, 2003) ("The general rule in Tennessee is that a judgment becomes final thirty days after entry unless a timely notice of appeal or a specified post-trial motion is filed.") (Citing Tenn. R. App. P. 4(a) and (c)). Thirty days after December 3, 2018, was Wednesday January 2, 2019. The limitations period commenced the next day, *see Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir. 2000), and ran for 249 days until it was statutorily tolled when Petitioner filed his state post-conviction petition on September 9, 2019. (D.E. 12-1 at PageID 74.) It remained tolled from that date until September 22, 2021, the day the Tennessee Supreme Court denied Jackson's application for permission to appeal. (D.E. 12-11.)

When the limitations "clock" resumed ticking the next day, 116 days remained in the limitations period. One hundred and sixteen days later fell on Monday January 17, 2022, which was a federal holiday. Therefore, the limitations period expired the next day, January 18, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . .

4

include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.") Jackson did not file the Petition until April 5, 2022, which was 77 days beyond the end of the limitations period. The Petition is therefore untimely by over two and one-half months.

Petitioner has not argued that his actual innocence overcomes the limitations bar or that he is entitled to equitable tolling. The motion to dismiss is therefore GRANTED.

For the foregoing reasons, the Amended Petition is DISMISSED. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition.  Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed in forma pauperis in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal in forma pauperis is therefore DENIED.[2]

IT IS SO ORDERED this 12th day of June 2023.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.